# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2258 | **DATE** | 8/20/2001 |
| **CASE TITLE** | TALEE BATES-BAY vs. CITY OF CHICAGO, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant City's motion to dismiss [4-1] is granted and Counts III and IV of plaintiff's complaint are dismissed without prejudice. If plaintiff decides to amend her complaint the amended complaint is to be filed within 15 business days of this order.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | AUG 2 2 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 8 |
| | Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 AUG 21 AM 6:44 | date mailed notice | |
| CG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TALEE BATES-BAY<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CHICAGO, a Municipal Corporation, and Officer EDWARD GRIFFIN,<br><br>Defendants. | No. 01 C 2258<br>Judge Ronald A. Guzman |

## MEMORANDUM OPINION AND ORDER

Pending is Defendant City of Chicago's ("City") motion to dismiss Counts III and IV of Plaintiff Talee Bates-Bay complaint pursuant to Fed. R. Civ. Proc. 12(b)(6). For the reasons set forth below this motion is granted.

## BACKGROUND FACTS

The City, as it must, takes the following well-pleaded facts as true for the purposes of this motion. On March 12, 2000, at approximately 7:00 p.m. Officer Griffin was called to 2931 South Federal Street. (See Compl., ¶ 4). There he struck the plaintiff, causing her to sustain serious and permanent bodily injuries. (See Compl., ¶ 5).

Plaintiff filed a four count complaint against the City and its employee, Police Officer Griffin. Count I is a battery claim directed against Officer Griffin. In Count II, also directed

1

against Officer Griffin, plaintiff claims that she was "deprived of her right to equal protection of the laws and impeded in the course of justice" in violation of the United States Constitution and 42 U.S.C. §1983. Count III, entitled "Negligence - City of Chicago" alleges that the City carelessly and negligently filed to train, supervise, control and instruct its employees. And Count IV, entitled "42 U.S.C. §1983 - City of Chicago," repeats the allegations in Count II, substituting the City for the individual police officer, and stating that, as a direct result of the City's actions with regard to plaintiff, "she was deprived of her right to equal protection of the laws and impeded the due course of justice, " in violation of the United States Constitution and 42 U.S.C.§1983.

While a district court should dismiss a complaint "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations, " *Hishon v. King & Spalding,* 467 U.S. 69,73 (1984), "[e]ven the liberal notice pleading allowed by the federal rules requires the complaint to include the operative facts upon which a plaintiff bases his claim." *Rodgers v. Lincoln Towing Service, Inc.,* 771 F.2d 194,198 (7th. Cir. 1985). If a complaint fails to allege a necessary element required to obtain relief, dismissal is in order. See *R.J.R. Services, v. Aetna Casualty and Sur. Co.,* 895 F.2d. 279,281 (7th. Cir. 1989). Moreover, a court is "not required to ignore any facts set forth in the complaint that undermine the plaintiff's claim or assign any weight to unsupported conclusions of law." *City National Bank of Florida v. Checkers, Simon & Rosner,* 32 F.3d. 277,281 (7th. Cir. 1994).

## COUNT III

Count III sets forth a claim for negligence against the City for failure to train, instruct[],

2

discipline and control. Defendant argues that it is entitled to immunity pursuant to two sections of the Illinois Tort Immunity Act. The Illinois Tort Immunity act provides, in relevant part, that: "A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." 745 ILCS 10/2-109 (West 1994), and that:

> Except as otherwise provided by Statute, a public employee serving in a position involving the determination of a policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when in the exercise of such discretion even though abused.

745 ILCS 10/2-201 (West 1994).

The Illinois Tort Immunity Act provides that "a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though based." 745 ILCS 10/2-201. However, this state law grant of immunity is limited; not every act or omission by a public employee is protected. *Zimmerman v. Village of Skokie*, 183 Ill. 2d 30, 44, 697 N. E. 2d 699, 713, 231 Ill. Dec. 914, 928 (1999). A public employee is not liable for negligence "in the execution or enforcement of any law," but he is liable if his "act or omission constitutes willful and wanton conduct." 745 ILCS 10/2-202. "Willful an wanton conduct" is defined by the Tort Immunity Act as "a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property." 745 ILCS 10/1-210.

According to the complaint the City was negligent when it carelessly and negligently

3

failed to properly train, supervise, control, instruct and was otherwise careless. This alleged conduct fails to demonstrate an "utter indifference to or conscious disregard" of plaintiff's safety." Plaintiff states in her complaint that Officer Griffin infringed upon the bodily integrity of the Plaintiff without her consent and then assault[ed] and batter[ed] her. The Court is unclear as to what Plaintiff is alleging when she claims Defendant Griffin infringed upon her bodily integrity. Furthermore, Section 2-201 bars a suit against the City for battery. Moreover, the question is whether the City, in formulating and carrying out the alleged policies that caused this infringement upon Plaintiff's bodily integrity as well as the assault and battery, was exercising discretion and formulating policy. The Supreme Court has held that the City's failure to supervise workers is a discretionary matter subject to §2-201 immunity. *In re Chicago Flood Litig.*, 176 Ill. Dec. 532, 680 N.E.2d. 265, 273 (1997). Viewing plaintiff's allegations in light most favorable to plaintiff, the Court finds that these allegations are insufficient to state a claim for willful and wanton misconduct against the City. Plaintiff may amend her complaint to allege the nature of the willful and wanton conduct she is alleging and the City's alleged role in furtherance of such. Accordingly, Count III is dismissed without prejudice.

## COUNT IV

In Count IV, plaintiff asserts that the City deprived her of her right to equal protection of the laws and impeded the due course of justice in violation of the United States Constitution and 42 U.S.C. § 1983, apparently because the City employs the police officer who allegedly "struck" the plaintiff. Count IV of plaintiff's complaint contains one paragraph which states "as a direct result of the Defendant, City of Chicago, actions with regard toward Plaintiff, TALLEE BATES-

4

BEY, she was deprived of her right to equal protection of the laws and impeded the due course of justice, in violation of the United States Constitution and 42 U.S.C. § 1983." The City moves to dismiss Count IV arguing that plaintiff does not assert that the constitutional harm she suffered was caused by an official policy, custom or usage of the City. Instead plaintiff reiterates that she sustained injuries as a result of a battery.

A municipality cannot be held liable for the actions of individual employees under § 1983 based on a theory of *respondeat superior*. *Monell v. Department of Soc. Servs. Of the City of New York*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d. 611 (1978). A municipality may, however, be liable if the plaintiff can show that he or she suffered a constitutional deprivation that was caused by an official policy, custom, or usage of the municipality. Id. at 690-91, 98 S.Ct.

The Supreme Court has expressly rejected a heightened pleading standard for §1983 claims against municipalities. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168, 113 S.Ct. 1160, 122 reaffirmed its understanding of *Leatherman*, holding that such "boilerplate" allegations are sufficient. *McCormick v. City of Chicago*, 230 F.3d. 319, 324-25 (7th. Cir. 2000).

Plaintiff's section 1983 claim does not mention a policy, but instead attributes her constitutional injury to the alleged battery itself. Because a municipality cannot be held liable under section 1983 solely under a theory of *respondeat superior* Count IV is dismissed without prejudice. Plaintiff may amend Count IV to discuss the alleged municipal policies and/or the nature of the constitutional violation, other than the battery, she was subjected to in this Count.

5

## CONCLUSION

For the reasons set forth above the City's motion to dismiss is granted and Counts III and IV of plaintiff's complaint are dismissed without prejudice. If plaintiff decides to amend her complaint the amended complaint is to be filed within 15 business days of this order.

SO ORDERED                    ENTERED: 8/20/07

Ronald A. Guzman
United States Judge